# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DWAYNE MAYFIELD,

              Plaintiff,

   v.

M. MIX, et al.,

             Defendants.

_____/

CASE NO. 1:10-cv-01091-OWW-GBC PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION
FOR FAILURE TO OBEY A COURT ORDER

(Doc. 9)

OBJECTIONS DUE WITHIN FIFTEEN DAYS

Plaintiff Dwayne Mayfield ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 16, 2010.  On October 22, 2010, the Court issued an order finding Plaintiff had stated a claim against Defendant Mix for use of excessive force in violation of the Eighth Amendment, but did not state a claim against any other Defendant.  The Court ordered Plaintiff, within thirty days, to either file an amended complaint curing the deficiencies identified by the Court or notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the claims found to be cognizable.  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including,

1

where appropriate . . . dismissal [of a case]."  In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir 2006) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider "several factors: (1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanction."  Omstead v. Dell Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine Products Liability Litigation, 460 F.3d at1222; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  In re Phenylpropanolamine Products Liability Litigation, 460 F.3d at 1226.  This action, which has been pending, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Finally, the Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order expressly advised Plaintiff that failure to file an amended complaint or notify the Court in writing of his willingness to proceed only against Defendant Mix would result in the action being dismissed for failure to obey a court order.  (Doc.

9, p. 6:18-24.)   Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order of October 22, 2010.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 14, 2010

UNITED STATES MAGISTRATE JUDGE