# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MAYFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>M. MIX, et al.,<br><br>  Defendants.<br>_____ / | CASE NO. 1:10-cv-01091-OWW-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 15)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff Dwayne Mayfield ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 16, 2010. On October 22, 2010, the Court issued an order finding Plaintiff had stated a claim against Defendant Mix for use of excessive force in violation of the Eighth Amendment, but did not state a claim against any other Defendant. The Court ordered Plaintiff, within thirty days, to either file an amended complaint curing the deficiencies identified by the Court or notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the claims found to be cognizable. Plaintiff failed to timely notify the Court of his willingness to proceed or file an amended complaint and on December 12, 2010, findings and recommendations were issued recommending the action be dismissed for failure to comply with a court order. On January 6, 2011, Plaintiff filed a notice that he never received the findings and recommendations, but did want to proceed on the claims found cognizable in the complaint. Based on Plaintiff's notice an order was issued on January 14, 2011, finding service of the complaint appropriate and forwarding service documents to Plaintiff to

1  be completed and returned within thirty days.  More than thirty days have passed and Plaintiff has
2  not complied with or otherwise respond to the Courts order.
3      Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
4  or with any order of the Court may be grounds for the imposition by the Court of any and all
5  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
6  control their dockets and "[i]n the exercise of that power, they may impose sanctions including,
7  where appropriate . . . dismissal [of a case]."  In re Phenylpropanolamine Products Liability
8  Litigation, 460 F.3d 1217, 1227 (9th Cir 2006) (quoting Thompson v. Housing Auth., 782 F.2d 829,
9  831 (9th Cir. 1986)).  A court may dismiss an action, with prejudice, based on a party's failure to
10 prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g.
11 Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (dismissal for noncompliance with
12 local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
13 comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41
14 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep
15 court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
16 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th
17 Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).
18      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
19 order, or failure to comply with local rules, the Court must consider "several factors: (1) the public's
20 interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the
21 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
22 and (5) the availability of less drastic sanction."  Omstead v. Dell Inc., 594 F.3d 1081, 1084 (9th Cir.
23 2010); In re Phenylpropanolamine Products Liability Litigation, 460 F.3d at1222; Pagtalunan v.
24 Galaza, 291 F.3d 639, 642 (9th Cir. 2002).
25      Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the
26 Court is left with no alternative but to dismiss the action for failure to prosecute.  In re
27 Phenylpropanolamine Products Liability Litigation, 460 F.3d at 1226.  This action, which has been
28 pending, can proceed no further without Plaintiff's cooperation and compliance with the order at

issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. This is the second time that Plaintiff has failed to comply with an order issued by this Court. Finally, the Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order expressly advised Plaintiff that failure to comply with the Court's order would result in the action being dismissed for failure to obey a court order. Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order of January 14, 2011.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 11, 2011

UNITED STATES MAGISTRATE JUDGE