UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MAYFIELD,<br><br>          Plaintiff,<br><br>     v.<br><br>M. MIX, et al.,<br><br>          Defendants. | Case No.: 1:10cv01091 AWI DLB (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR RECONSIDERATION<br>(Document 61)<br><br>ORDER VACATING DISCOVERY AND<br>SCHEDULING ORDER<br>(Document 60) |

Plaintiff Dwayne Mayfield ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's complaint for violation of the Eighth Amendment against Defendants E. Mason and M. Mix.

**PROCEDURAL BACKGROUND**

Plaintiff filed this action on June 16, 2010. On January 12, 2011, the Court dismissed Defendant Mason and ordered that the action go forward against Defendant Mix based on the use of excessive force in violation of the Eighth Amendment. Defendant Mix filed an answer on July 25, 2011.

On July 26, 2011, the Court issued a Discovery and Scheduling Order, setting the discovery deadline for March 26, 2012. On April 30, 2012, Plaintiff requested an extension of the discovery deadline. The request was granted on June 5, 2012, and the discovery deadline was extended to August 15, 2012.

1

Defendant Mason filed a motion for summary judgment on October 1, 2012. On October 3, 2012, Plaintiff filed another request for an extension of the discovery deadline.

On January 9, 2013, the Court issued an order vacating the prior screening order, as well as the January 12, 2011 order dismissing Defendant Mason, and the July 26, 2011 Discovery and Scheduling Order. The Court also denied Defendant's pending motion for summary judgment and Plaintiff's request for an extension of time without prejudice.

Also on January 9, 2013, the Court issued a new screening order finding service appropriate for Defendant Mix *and* Defendant Mason. Defendant Mason filed an answer on May 10, 2013.

On May 13, 2013, the Court issued a Discovery and Scheduling Order. Part I of the Order requires the parties to provide initial disclosures, including names of witnesses and production of documents.

On May 31, 2013, Defendants filed a Request for Reconsideration of Part I of the Discovery and Scheduling Order. Plaintiff did not file an opposition.

**LEGAL STANDARD**

Defendants move for reconsideration pursuant to Local Rule 303(c), which permits District Judge review of a Magistrate Judge's order. Local Rule 303(a) incorporates the "clearly erroneous" or "contrary to law" standard set forth in Federal Rule of Civil Procedure 72(a). Thus, the District Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

**DISCUSSION**

**A.    Defendants' General Objections**

Defendants correctly argue that Part I of the Discovery and Scheduling Order requires the parties to engage in disclosures similar to those required under Federal Rule of Civil Procedure 26(a)(1). Defendants are also correct in that Plaintiff is a pro se prisoner, and that such actions are generally exempt from initial disclosure requirements.

Defendants are incorrect, however, insofar as they argue that the Discovery and Scheduling Order is an improper "standing order" meant to modify the initial disclosure requirements. As the Court has previously explained in at least one other prisoner action where a similar Discovery and

2

Scheduling Order was issued, the order is a case-specific order that issued in this action "[t]o expedite the fair disposition of this action and to discourage wasteful pretrial activities." Therefore, the order is proper since "even in a case excluded . . ., the court can order exchange of similar information in managing the action under rule 16." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 2000. The fact that a similar order has issued in other prisoner cases does not transform the order into a formal, or informal, standing order.

Defendants further believe that such requirements are an undue burden on the State in prisoner cases. However, the intent behind the order is to streamline the discovery process and ultimately reduce the overall burden on the State, the Court and the parties. Similarly, although Defendants suggest that the order deprives counsel of the exercise of professional judgment in determining how much time and effort to devote to investigation, the order requires no more than would be required under Rule 26(a), or in the ordinary course of investigating a complaint. The purpose of initial disclosures under FRCP 26(a) is "to accelerate the *exchange of basic information* . . . and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a)(1) Advisory Committee Note of 1993 (emphasis added). Orders such as this fall well within the vested control of a trial court to control its docket and to ensure efficient use of limited judicial resources.

Defendants also attempt to raise an issue based on the Discovery and Scheduling Order's failure to limit the disclosures to "discoverable information." While the order may not specifically state that disclosures are limited to "discoverable information," the context of the order, as well as common sense, dictate that only discoverable information need be exchanged. Indeed, the order limits Defendants' disclosures to information regarding individuals "likely to have information about Defendant(s)' claims or defenses, or who will be used to support Defendant(s)' version of the events described in the complaint." May 13, 2013, Order at 2.

Finally, insofar as Defendants object to the requirement that Defendants produce materials in the possession, custody or control of Defendants *and* CDCR, their objection fails. Defendants specifically object to the definition used in Allen v. Woodford, 2007 WL 309945 (E. D. Cal. 2007), cited in the order, and contend that they are "rank and file employees of CDCR" who do not control CDCR or its documents. Mot. 10. This standard, however, requires no more than production of

information for which Defendants have "the legal right to obtain" on demand.  If a document does not fall within the definition of <u>Allen</u>, it need not be produced.  Certainly, Defendants will not have "possession, custody or control" of *all* of CDCR's documents.  The order does not require Defendants to produce documents that they cannot otherwise obtain in the course of their employment.

The above arguments are not persuasive and do not establish that the Discovery and Scheduling Order, in general, is contrary to law or clearly erroneous.

**B.      Defendants' Case-Specific Objections**

As applied to this action, Defendants argue that the Discovery and Scheduling Order is inappropriate because it will essentially give Plaintiff, who did not serve discovery requests during the 13 months that discovery was previously open, a second chance at discovery.

The Court agrees that Plaintiff should not benefit from another round of unlimited discovery under the circumstances.   For this reason only, the Court will grant the motion for reconsideration and vacate the May 13, 2013, Discovery and Scheduling Order.  The Court will direct the Magistrate Judge to issue an order allowing limited discovery by separate order.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for reconsideration is GRANTED as described above;
2. The May 13, 2013 Discovery and Scheduling Order is VACATED; and
3. The matter is referred back to the Magistrate Judge for the issuance of a new discovery and scheduling order.

IT IS SO ORDERED.

Dated:   July 31, 2013            _____
                                              SENIOR  DISTRICT  JUDGE